**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HAIN BLUEPRINT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:16-cv-1758 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BLUEPRINT COFFEE, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Hain BluePrint, Inc. ("BluePrint") states as follows for its Complaint against Defendant BluePrint Coffee, LLC ("BPC"):

**Nature of the Action**

1. This is a lawsuit for trademark infringement and unfair competition based on BPC's infringement of a series of marks owned and used by BluePrint, all having BLUEPRINT as a dominant portion of the mark. Plaintiff BluePrint is, and has been, a leading manufacturer of raw and organic drinks, including fruit and vegetable drinks, for many years. Defendant BPC is a manufacturer of packaged coffee and retailer of coffee drinks. Years after BluePrint developed and marketed a successful and distinctive line of juices and related drink products, Defendant BPC began to use the mark BluePrint Coffee in connection with BPC's line of coffee products in a manner that leads to a likelihood of confusion between BPC's products and services and those of BluePrint.

**Parties**

2. BluePrint is a Delaware Corporation with a place of business at 111 Marcus Avenue, Lake Success, New York, 11042.

3. Upon information and belief, BPC is a Missouri Limited Liability Company with a principal place of business at 6225 Delmar Boulevard, St. Louis, Missouri, 63130 and can be served via its registered agent Brian S. Levine, 8132 Cornell Court, St. Louis, Missouri, 63130.

**Jurisdiction and Venue**

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents and trademarks).  BluePrint's federal claims arise under the trademark laws of the United States, specifically 15 U.S.C. §§ 1051 *et seq.* (Lanham Act). Subject matter jurisdiction exists over any remaining claims under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy.

5. This Court has personal jurisdiction over BPC because it is a Missouri Limited Liability Company with a principal place of business in this jurisdiction.  Defendant's goods and services are offered within this judicial district and otherwise have established contacts with this judicial district sufficient to make the exercise of personal jurisdiction proper.

6. Venue is proper in this judicial district because Defendant is subject to personal jurisdiction here and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**Jury Demand**

7. BluePrint hereby demands a jury on all triable issues.

**FACTS COMMON TO ALL COUNTS**

BluePrint's Rights

8. BluePrint, through itself and its predecessors in interest, has been a leader in raw and organic fruit and vegetable drinks since 2006. Since at least 2006, BluePrint has provided products under a series of marks containing the word "BluePrint."

9. BluePrint is the owner of U.S. Registration No. 4464954 for the mark BLUEPRINT for *Fruit beverages; Fruit drinks and fruit juices; Non-alcoholic beverages containing fruit juices; Non-alcoholic fruit juice beverages; Prepared entrees consisting of fruit drinks and fruit juices, fruit-based beverages, non-alcoholic beverages containing fruit juices, non-alcoholic fruit extracts used in the preparation of beverages, non-alcoholic fruit juice*

beverages, vegetable juices, vegetable-fruit juices and smoothies; Vegetable drinks; Vegetable juice; Vegetable juices; Vegetable fruit juices.

10. BluePrint is also the owner of U.S. Registration No. 4136611 for the mark BLUEPRINTJUICE for *Fruit beverages; Fruit drinks and fruit juices; Non-alcoholic fruit extracts used in the preparation of beverages; Non-alcoholic fruit juice beverages; Prepared entrees consisting of fruit drinks and fruit juices, fruit-based beverages, non-alcoholic beverages containing fruit juices, non-alcoholic fruit extracts used in the preparation of beverages, non-alcoholic fruit juice beverages, vegetable juices, vegetable-fruit juices and smoothies; Vegetable drinks; Vegetable juice; Vegetable juices; Vegetable-fruit juices*.

11. BluePrint is the owner of U.S. Registration No. 4038200 for the mark BLUEPRINTCLEANSE for *Fruit beverages; Fruit juices and fruit drinks; Non-alcoholic beverages containing fruit juices; Non-alcoholic fruit extracts used in the preparation of beverages; Non-alcoholic fruit juice beverages; Prepared entrees consisting of fruit drinks and fruit juices, fruit-based beverages, non-alcoholic beverages containing fruit juices, non-alcoholic fruit extracts used in the preparation of beverages, nonalcoholic fruit juice beverages, vegetable juices, vegetable-fruit juices and smoothies; Vegetable drinks; Vegetable juice; Vegetable juices; Vegetable-fruit juices; Counseling services in the fields of health, nutrition and lifestyle wellness; Nutrition counseling; Providing healthy lifestyle and nutrition services, namely, personal assessments, personalized routines, maintenance schedules, and counseling.*

12. BluePrint is the owner of 3523499 for the mark BLUEPRINT CLEANSE in connection with *Non-alcoholic beverages containing fruit juices; Vegetable juice; Vegetable juices; Energy drinks; Fruit beverages; Non-alcoholic fruit extracts used in the preparation of beverages; Counseling services in the fields of health, nutrition and lifestyle wellness.*  This mark is incontestable and is afforded all of the rights prescribed under 15 U.S.C. § 1065.

13. BluePrint is the owner of 4136825 for the mark BLUEPRINTBAR in connection with *Fruit-based organic food bars, also containing nuts; Fruit-based raw food bars.*

14. BluePrint is the owner of 4027030 for the mark BLUEPRINTGREEN in connection with *Fruit beverages; Non-alcoholic beverages containing fruit juices; Nonalcoholic fruit extracts used in the preparation of beverages; Vegetable juice; Vegetable juices.*

15. BluePrint is the owner of 4053222 for the mark BLUEPRINTKIT in connection with *Fruit beverages; Fruit juices and fruit drinks; Non-alcoholic beverages containing fruit juices; Non-alcoholic fruit extracts used in the preparation of beverages; Non-alcoholic fruit juice beverages; Prepared entrees consisting of fruit drinks and fruit juices, fruit-based beverages, non-alcoholic beverages containing fruit juices, non-alcoholic fruit extracts used in the preparation of beverages, nonalcoholic fruit juice beverages, vegetable juices, vegetable-fruit juices and smoothies; Vegetable drinks; Vegetable juice; Vegetable juices; Vegetable-fruit juices.*

16. BluePrint is the owner of 4049425 for the mark BLUEPRINTLIFE in connection with *On-line journals, namely, blogs featuring profiles and experiences of individuals who consume BluePrintCleanse products.*

17. The foregoing marks are hereinafter referred to as the BLUEPRINT Marks.

18. BluePrint's registrations noted above for the BLUEPRINT Marks are valid, subsisting, unrevoked, and have not been cancelled.

19. BluePrint's products bearing the BLUEPRINT Marks are sold throughout the United States.  BluePrint also uses the BLUEPRINT Marks on a coffee-flavored beverage.

20. By virtue of its longstanding, continuous use of the BLUEPRINT Marks in commerce, BluePrint also possesses common law rights in the BLUEPRINT Marks.

21. In accordance with 15 U.S.C. § 1111, the BLUEPRINT Marks are, and have been, displayed on BluePrint's products or on the packaging, marketing, or advertising materials for such products, and are and were accompanied by the notation "®" to provide notice that the BLUEPRINT Marks are federally registered.

22. BluePrint has advertised and promoted its line of beverages sold under the BLUEPRINT Marks throughout the United States by means of various media, including recognition of BluePrint's products in Forbes Magazine and Vanity Fair.

23. As a consequence of BluePrint's continuous use of the BLUEPRINT Marks throughout the United States, and due to the significant investment of time, money, and efforts, widespread sales, and the high quality of BluePrint's products sold in connection with the BLUEPRINT Marks, these BLUEPRINT Marks have acquired value and are well-known to the consuming public and trade as identifying and distinguishing the source of BluePrint's products.

BPC's Conduct

24. Upon information and belief, around 2013 Defendant, without authorization or license from BluePrint, began making sales of goods and services under BPC's BluePrint Coffee mark (the "BluePrint Coffee Mark") in the United States. Defendant offers for sale, sells, and distributes coffee products under BPC's BluePrint Coffee.

25. On March 14, 2014, Defendant filed Application Serial No. 86/394,631 for the mark BLUEPRINT COFFEE in connection with *coffee and coffee shops*. BluePrint has opposed that application, in proceeding 91222585. Defendant became aware of BluePrint no later than BluePrint's petition for extension of time to oppose this application in Spring 2015.

26. Defendant has provided goods and services under the BluePrint Coffee Mark since becoming aware of BluePrint and BluePrint's rights unabated.

27. Defendant is not authorized by BluePrint to manufacture, advertise, distribute, ship, sell, offer to sell, or facilitate the sale of any products bearing the BPC's BluePrint Coffee Mark.

28. The Blueprint Coffee Mark is highly similar to the BLUEPRINT Marks in appearance, pronunciation, connotation and overall commercial impression. Indeed, the

registrations for the BLUEPRINT Marks include non-alcoholic beverages and BluePrint offers a coffee and nut milk beverage as identified above.

29. The respective goods are marketed or will be marketed to the same consumers and potential consumers in the same or related channels of trade.

30. Defendant's use of BPC's BluePrint Coffee Mark in connection with the advertising, marketing, offering for sale, sale, and distribution of BluePrint Coffee has caused, and in the future is likely to cause, confusion among potential customers between BluePrint and BPC, thus harming the consuming public and irreparably harming BluePrint's valuable reputation and goodwill.

31. The aforesaid conduct is causing BluePrint irreparable harm, for which there is no adequate remedy at law.

## COUNT I
## Trademark Infringement under 15 U.S.C. § 1114

32. BluePrint incorporates by reference, as if fully set forth herein, the foregoing paragraphs of this Complaint.

33. BluePrint owns the registrations identified above for the BLUEPRINT Marks for the goods and services identified above.

34. These registrations constitute evidence of the validity of BluePrint's BLUEPRINT Marks, of BluePrint's ownership of the mark, and of the exclusive rights to use the marks under 15 U.S.C. § 1115.

35. On information and belief, Defendant knew of BluePrint's BLUEPRINT Marks, prior to its application for registration of the BluePrint Coffee Mark.

36. Defendant's use of the BluePrint Coffee Mark in connection with coffee is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BluePrint, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by BluePrint.

37. Defendant's use of the BluePrint Coffee Mark has caused and continues to cause irreparable harm to BluePrint, for which BluePrint has no adequate remedy at law.

38. BluePrint also is entitled to recover as yet undetermined amounts of monetary damages pursuant to 15 U.S.C. § 1117.

39. BluePrint has no adequate remedy at law inasmuch as money damages alone would not compensate BluePrint for the permanent loss of its proprietary rights, established goodwill and business reputation from the infringement caused by Defendant's use of the BluePrint Coffee Mark.  Unless this Court acts to enjoin Defendant, Defendant's acts herein complained of will cause irreparable damage to BluePrint's property rights, goodwill, and reputation, and will cause great and irreparable damage to BluePrint.

## COUNT II
## Trademark Infringement under 15 U.S.C. § 1125(a)

40. BluePrint incorporates by reference, as if fully set forth herein, the foregoing paragraphs of this Complaint.

41. On information and belief, Defendant knew of BluePrint's rights in BLUEPRINT Marks.

42. Defendant's use of BluePrint Coffee Marks in connection with coffee is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BluePrint, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by BluePrint.

43. Defendant's use of BluePrint Coffee Marks constitutes false representations, false descriptions, and false designations of origin of its goods and services.

44. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause irreparable harm to BluePrint, a likelihood of confusion and deception of members of the trade and general public, and, additionally, injury to BluePrint's goodwill and reputation, for which BluePrint has no adequate remedy at law.

45. BluePrint also is entitled to recover as yet undetermined amounts of monetary damages pursuant to 15 U.S.C. § 1117.

46. Upon information and belief, Defendant was aware of BluePrint's prior use and registration of its BluePrint Marks mark, making Defendant' actions willful.

47. BluePrint is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

### COUNT III
### Common Law Unfair Competition

48. BluePrint incorporates by reference, as if fully set forth herein, the foregoing paragraphs of this Complaint.

49. Upon information and belief, before they introduced BluePrint Coffee to the market, Defendant was aware of BluePrint's protectable rights in the BLUEPRINT Marks.

50. The BLUEPRINT Marks are inherently distinctive and/or have acquired secondary meaning.

51. On information and belief, Defendant knew of BluePrint's rights in the BLUEPRINT Marks.

52. Defendant's selling, offering for sale, advertising and marketing of BluePrint Coffee creates, causes and/or contributes to a false association between Defendant and/or its BluePrint Coffee products and BluePrint and the goods and services sold under the BLUEPRINT Marks.  Defendant's actions have caused and contributed to consumer confusion as to the origin of, or affiliation between, Defendant (and its products) and BluePrint and its products, and have traded unfairly upon BluePrint's goodwill and reputation, and continue to do so, in violation of BluePrint's common law rights.

53. Defendant's advertising, marketing, selling and offering for sale of the BluePrint Coffee products, is with knowledge and in willful disregard of BluePrint's intellectual property rights.

54. Defendant's conduct has irreparably harmed BluePrint and will continue to irreparably harm BluePrint unless enjoined by this Court, as a result of which BluePrint is without an adequate remedy at law.

55. Defendant's use of the BluePrint Coffee Mark and the marketing materials associated therewith has injured and continues to injure BluePrint in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, BluePrint, prays for judgment against BPC as follows:

A. Preliminarily and permanently enjoin BPC and any person acting in concert with it from:

   a. using any of BluePrint's trademarks, including, but not limited to those identified above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of BluePrint's trademarks in connection with any goods or services or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of beverages or coffee;

   b. using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act which can, or is likely to, lead members of the consuming public or trade to believe that Defendant is associated with BluePrint or that any product imported, manufactured, distributed, or sold by Defendant is in any

          manner associated or connected with BluePrint, or is authorized, licensed, sponsored, or otherwise approved by BluePrint;

      c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (c) above.

B. Award BluePrint damages resulting from Defendant's infringement of BluePrint's protectable trademark rights;

C. Defendant must deliver up for destruction all goods, advertising, literature and other forms of promotional material bearing or showing BluePrint's trademarks or a confusingly similar mark pursuant to 15 U.S.C. §1118;

D. Find the case to be exceptional and award appropriate relief thereunder;

E. Award BluePrint reasonable attorneys' fees;

F. Award BluePrint interest and costs;

G. Order an accounting for all gains, profits, and advantages derived from Defendant' acts of infringement of BluePrint's trademarks pursuant to 15 U.S.C. § 1117;

H. Defendant must report to this Court of its compliance with the foregoing within thirty (30) days of judgment; and

I. For such other and further relief that the Court deems just and proper.

Date: November 11, 2016									Respectfully submitted,

**Thompson Coburn LLP**

By: /s/ Jonathan G. Musch
David B. Jinkins, MO 49254
Matthew A. Braunel, MO 50711
Jonathan G. Musch, MO 52000
One US Bank Plaza
St. Louis, MO  63101
(314) 552-6000
(314) 552-7000 (fax)
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com
jmusch@thompsoncoburn.com

*Attorneys for Plaintiff*