UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAIN BLUEPRINT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-1758-SNLJ |
| ) | |
| BLUEPRINT COFFEE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Blueprint Coffee, LLC's, motion for leave to amend its Answer (#41). The motion is briefed and ripe. For the reasons explained below, the Court grants defendant's motion.

Plaintiff filed this trademark infringement lawsuit back in November 2016. Nine months later, plaintiff's counsel sent defendant a demand letter that warned, if defendant opened a second store during the pendency of this litigation, doing so will likely be understood as willful and intentional infringement. Thus, plaintiff cautioned, it may be entitled to recover defendant's profits, enhanced damages, and its attorney fees and costs. After receiving this letter, and after deposing plaintiff's corporate representative, defendant asks to amend its answer to assert advice of counsel as an affirmative defense.

Because more than twenty-one days have passed since defendant served its Answer (#15), defendant "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But parties do not have an absolute right to amend

1

their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

A district court may deny a motion to amend if (1) it was filed with undue delay, (2) the moving party filed the motion with bad faith or dilatory motive, (3) the opposing party would be unfairly prejudiced by the amendment, or (4) the amendment would be futile. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "In most cases, '[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown.'" *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (alteration in original) (*quoting Bell*, 160 F.3d at 454).

Plaintiff opposes the amendment on two grounds. First, it claims defendant's amendment is unduly delayed. Plaintiff argues that its Complaint made clear its position that defendant's infringement is willful (#1 at 8, ¶ 47). Defendant has not explained this eleven-month delay, plaintiff argues, so the motion should be denied. But plaintiff does not argue that it will be prejudiced by this amendment. "In most cases, '[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown.'" *Moses.com Secs., Inc.*, 406 F.3d at 1065 (*quoting Bell*, 160 F.3d at 454). Thus, this argument fails.

Second, plaintiff claims the amended defense is futile. Plaintiff claims "Defendant's ongoing representation over the past eleven months that no privileged [pursuant to attorney-client privilege] documents exist calls into question[] the validity of the 'advice of counsel' defense." In contrast, defendant claims there are communications

2

between it and its trademark lawyer that are protected by attorney-client privilege. Thus, the defense is not futile, and plaintiff's argument fails.

Alternatively, if defendant is allowed to amend its Answer, plaintiff asks the Court to amend the expert discovery deadline, so it can disclose a damages expert. Defendant objects, arguing that its advice-of-counsel defense does not present a question for expert testimony. Instead, additional discovery relating to defendant's new defense will be limited to (1) it producing certain documents and (2) plaintiff deposing defendant's trademark lawyer. Regardless, if plaintiff determines that an additional expert will be needed, it may file a request with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to amend its answer (#41) is **GRANTED**.

So ordered this __5th__ day of January 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE